**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID L. CLEMENTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 05-0209-WS-M** |
| | ) | |
| **C. DEAN PRESTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on plaintiff's Motion to Alter, Amend or Set Aside Judgment (doc. 40), as well as on defendant's Motion to Vacate Prior Arbitration Order (doc. 43). Both Motions are ripe for disposition at this time.

**I.      Background.**

On April 7, 2005, plaintiff David L. Clements filed suit in this District Court against defendant C. Dean Preston seeking declaratory and injunctive relief. The Complaint reflects that a dispute had arisen between the parties over a Brokerage Purchase and Sale Agreement (the "Agreement") pursuant to which Clements agreed to sell a 1987 31-foot Tiara Open motor yacht ("Vessel") to Preston for the sum of $99,000. The closing for the sale of the Vessel did not occur on the contractually agreed-upon date because Preston's lender lacked the requisite payoff information. Several days later, Clements notified Preston of his decision to cancel the transaction because he wished to keep the Vessel for one more season.

On July 29, 2005, the undersigned entered an Order (doc. 23) rejecting Preston's attempts to invoke the arbitration clause of the Agreement to compel arbitral proceedings. In particular, the Court construed the Agreement as excluding from the ambit of the arbitration clause any disputes arising after March 17, 2005 if Preston had failed to pay the full purchase price by that date. Because Preston in fact did fail to perform on or before March 17, the Agreement expired by its terms on that date, such that its arbitration clause had no further force and effect. This dispute arose after March 17, and therefore was beyond the reach of the arbitration provision.

The parties proceeded to submit dueling motions for summary judgment.  Before addressing these motions, in an Order (doc. 39) dated December 9, 2005 the undersigned *sua sponte* questioned the existence of federal subject matter jurisdiction.  The Complaint had predicated federal jurisdiction on admiralty, as well as diversity of citizenship.  However, the admiralty basis for jurisdiction was demonstrably faulty, given abundant authority that a contract for the sale of a vessel lies outside the scope of federal courts' admiralty jurisdiction.  With regard to diversity, the Court found that the requisite $75,000 amount in controversy threshold was lacking.  In so concluding, the Court applied the well-worn legal standard that the amount in controversy in an injunctive or declaratory action equals the value of the object of the litigation from plaintiff's standpoint or, more precisely, the monetary value of the benefit that would flow to the plaintiff if the injunctive or declaratory relief were granted.  After careful analysis, the Court determined that the monetary value to Clements of the object of this litigation is not the $99,000 sale price of the Vessel, inasmuch as neither side stood to gain or lose the value of the Vessel, and neither side asked the Court to compel the sale of the Vessel.  Instead, from Clements' vantage point, this case is about the psychic value of keeping the Vessel for one more season, the psychic value in concluding his dispute with Preston, and the proper disposition of Preston's $9,600 earnest money deposit.  Because these objects to the litigation plainly fall well below the minimum amount in controversy, the December 9 Order concluded that diversity jurisdiction was lacking, and dismissed this action in its entirety for want of subject matter jurisdiction.

The parties now come forward with two motions.  First, Clements asks the Court to alter, amend or set aside the December 9 Order because, he claims, the value of this case from his perspective really is $99,000.  Second, Preston requests that the July 29 Order denying arbitration be vacated given the lack of federal subject matter jurisdiction.

II.    **Analysis.**

   A.    *Reconsideration is Not Appropriate Here.*

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."  *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb.

-2-

22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp.2d 1350, 1355 (M.D. Ala. 2003); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

Clements' barebones Motion to Alter, Amend or Set Aside Judgment states that the value of the object of the litigation from his perspective is actually the $99,000 sale price, such that diversity jurisdiction exists. But the December 9 Order analyzed this precise issue in detail, and set forth at length the reasoning behind the Court's conclusion that the value of the object of the litigation from plaintiff's perspective cannot properly be deemed the sale price of the Vessel. (*See* December 9 Order, at 6-9.) Clements does not offer any rebuttal to this analysis, except to argue (relying on cursory citations to a treatise that appear to conflict with Eleventh Circuit precedent, as well as his own unsupported statements) in conclusory terms that the value of the object of the litigation from his perspective exceeds $75,000. The law is clear, however, that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected." *Gougler*, 370 F. Supp.2d at 1189 n.1; *see also Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar). Because Clements' Motion is merely a vehicle to rehash arguments previously considered and rejected, it is **denied**.[1]

**B.      *The July 29 Order Must Be Vacated.***

In his own Motion to Vacate, Preston argues that the rationale of the December 9 Order

---

[1]      Even if such repetition of previously addressed issues were a proper use of a Rule 59 Motion, the Court is of the opinion that Clements' assignments of error are not persuasive for the reasons set forth on pages 6 through 9 in the December 9 Order. Thus, the Motion would be denied even if were properly considered on the merits.

is fatal to the viability of the July 29 Order refusing to compel arbitration.  Simply put, if the Court lacked subject matter jurisdiction to decide the summary judgment motions in December 2005, then it must also have lacked jurisdiction to rule on the arbitrability issue in July 2005, such that the previous order was a nullity.  *See generally Ex parte Blankenship*, 893 So.2d 303, 307 (Ala. 2004) ("Lacking subject matter jurisdiction [a court] may take no action other than to exercise its power to dismiss the action .... Any other action taken by a court lacking subject matter jurisdiction is null and void.") (citations omitted); *Ex parte Norfolk Southern Ry. Co.*, 816 So.2d 469, 472 (Ala. 2001) ("An order issued by a trial court without jurisdiction is a nullity."). Indeed, "[i]t is axiomatic that a court acting without jurisdiction lacks the power to require a party to obey its decrees."  *In re Lupron Marketing and Sales Practices Litigation*, 245 F. Supp.2d 280, 288 (D. Mass. 2003); *see also Johns-Manville Corp. v. United States*, 893 F.2d 324, 326 (Fed. Cir. 1989) (explaining that in the absence of jurisdiction, a district court has no power to do anything but to strike the case from the docket); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999) (a federal court ruling on matters for which subject matter jurisdiction is lacking unconstitutionally invades powers reserved to states to determine controversies in their own courts).

Contrary to Clements' contention in opposition to Preston's Motion, the December 9 Order inexorably leads to the conclusion that federal subject matter jurisdiction was lacking in this matter from its inception.[2]  That the undersigned did not so determine until several months into these proceedings cannot lend any jurisdictional force to its pre-December 9 rulings. Review of the court file demonstrates that federal subject matter jurisdiction never existed here,

---

[2]     Clements maintains that as of the July 29 Order, "the court had jurisdiction to determine a preliminary or threshold matter of arbitrability when it appeared from the pleadings Defendant would be seeking specific performance of the contract."  (Plaintiff's Response (doc. 44), ¶ 2.)  This argument fails for three reasons.  First, the suggestion that the jurisdictional posture of this case or the pertinent jurisdictional facts shifted between entry of the July 29 Order and entry of the December 9 Order is unsupported by the record.  Second, Clements identifies no authority for the proposition that rulings on "preliminary or threshold matters" can stand even if jurisdiction is later found to be lacking, and the Court is aware of none.  Third, Preston did not file a responsive pleading until August 12, 2005, two weeks after entry of the July 29 Order, so it is unclear how the pleadings would have conveyed the impression as of July 29 that Preston sought specific performance.

and that this action's jurisdictional foothold was no better on July 29 than it was on December 9. Accordingly, any orders entered prior to the December 9 dismissal have no legal effect and are properly vacated. Preston's Motion to Vacate is therefore **granted**, and the July 29 Order is **vacated** for want of jurisdiction.

**III.    Conclusion.**

For all of the foregoing reasons, plaintiff's Motion to Alter, Amend or Set Aside Judgment (doc. 40) is **denied**. Defendant's Motion to Vacate Prior Arbitration Order (doc. 43) is **granted**, and the Order (doc. 23) entered on July 29, 2005 is **vacated**.

DONE and ORDERED this 30th day of December, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE